# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS MORAN, <br><br> Plaintiff, <br><br> v. <br><br> K. DUTRA, et al., <br><br> Defendants. / | CASE NO. 1:11-cv-914-LJO-MJS (PC) <br><br> ORDER DISMISSING PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND <br><br> (ECF No. 1) <br><br> AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Nicholas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on June 7, 2011. (Compl., ECF No. 1.) No other parties have appeared in this action. Plaintiff's Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim. Plaintiff will be given leave to amend.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

-1-

1  such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion
2  thereof, that may have been paid, the court shall dismiss the case at any time if the court
3  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
4  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are
7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
8  mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.
9  Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
10 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
11 plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).
12 Facial plausibility demands more than the mere possibility that a defendant committed
13 misconduct and, while factual allegations are accepted as true, legal conclusions are not.
14 Id. at 1949-50.

15 **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

16       Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP"), where the
17 events at issue in his Complaint occurred. Plaintiff sues the following individuals for
18 inadequate medical care and excessive force under the Eighth Amendment: 1) K. Dutra,
19 medical correctional officer at PVSP, 2) Ryan, registered nurse at PVSP, 3) Dedee,
20 registered nurse at PVSP, and 4) Auten, correctional officer at PVSP.

21       Plaintiff alleges as follows:

22       Defendants Ryan and Dedee violated Plaintiff's rights under the Eighth Amendment
23 by providing him with inadequate medical care. (Compl. at 3.) Defendants Dutra and
24 Auten violated his rights under the Eighth Amendment by their use of unnecessary and
25 excessive force against him. (Id.)

26       Plaintiff suffers from lower back pain. (Compl. at 3.) He was transported to PVSP
27 on April 3, 2008. (Id.) From May 14, 2008 to June 2009, Plaintiff submitted numerous
28 inmate medical request forms. (Id. at 3-6.) Plaintiff received some treatment during this

1  period; he was seen by outside doctors in June 2008 and May of 2009. (<u>Id.</u> at 4, 5.)

2  In July 6, 2009, Plaintiff went to the prison medical clinic to discuss his treatment.
3  (Compl. at 6.) Defendant Dutra unnecessarily involved himself in the conversation and
4  Plaintiff felt threatened. (<u>Id.</u>)

5  Plaintiff went to the medical clinic on July 7, 2009, using a borrowed cane. (Compl.
6  at 6.) Defendant Dedee interviewed him and took his vital signs. (<u>Id.</u>) Defendant Dedee
7  yelled at Plaintiff and called him a liar. (<u>Id.</u>) Defendant Dedee confiscated the cane and
8  told Plaintiff to go back to his cell. (<u>Id.</u>) Defendant Dedee knew of Plaintiff's medical
9  condition and knew Plaintiff had difficulty walking without a cane. (<u>Id.</u> at 7.) Defendants
10 Dedee and Ryan asked Defendant Dutra to escort Plaintiff out of the clinic. (<u>Id.</u>) At this
11 point, Plaintiff began to experience a pain spasm that made walking even more difficult.
12 (<u>Id.</u>) Defendant Dutra tackled Plaintiff, threw him on the floor, and handcuffed him with
13 Defendant Auten's help. (<u>Id.</u>) Defendant Dutra used excessive force and cut Plaintiff's
14 wrist when handcuffing him. (<u>Id.</u>) Plaintiff was placed in the medical clinic's cell while
15 handcuffed. (<u>Id.</u>) Defendant Ryan prepared a medical report on Plaintiff. (<u>Id.</u> at 8.)

16 Defendant Dutra filed a rule violation report against Plaintiff. (Compl. at 8.) Plaintiff
17 was found guilty and given thirty days "forfeiture of credit, assessed days privilege group,
18 counseled and reprimanded regarding his conduct." (<u>Id.</u> at 12.)

19 Plaintiff submitted an appeal regarding the incident at the medical center and the
20 resulting disciplinary hearing. (Compl. at 12.) Plaintiff was told that prison staff did not
21 violate CDCR policies. (<u>Id.</u> at 13.) Plaintiff submitted his appeal to the second and third
22 levels of review and it was denied at both. (<u>Id.</u>)

23 Plaintiff asks for a preliminary injunction directing PVSP to provide adequate
24 medical care and an order directing Defendant Dutra to return a document. (Compl. at 18.)
25 He also asks for nominal, compensatory, and punitive damages. (<u>Id.</u>)

III.   **ANALYSIS**

    A.   **Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

    B.   **Heck bar**

Plaintiff should be aware that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 28 U.S.C. § 2254; Heck v. Humphrey, 512 U.S. 477, 487–88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Heck makes it clear that a section 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. Any such claim is not cognizable and therefore

1 should be dismissed. Wilkinson, 544 U.S. at 81-82 (clarifying that Heck applies to cases
2 requesting damages as well as equitable relief); see Trimble v. City of Santa Rosa, 49 F.3d
3 583, 585 (9th Cir. 1995) (noting that a claim barred by Heck may be dismissed sua sponte
4 without prejudice).  The Heck rule usually precludes a prisoner-plaintiff from obtaining
5 damages or equitable relief in a section 1983 action for alleged constitutional violations in
6 connection with his criminal trial.  The Heck rule also prevents a person from bringing an
7 action that -- even if it does not directly challenge the conviction or other decision -- would
8 imply that the conviction or other decision was invalid.  The practical importance of this rule
9 is that a plaintiff cannot attack his conviction in a civil rights action.  The decision must have
10 been successfully attacked before the civil rights action is filed.  See Guerrero v. Gates,
11 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest,
12 malicious prosecution and conspiracy among police officers to bring false charges against
13 him); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth
14 Amendment claim of denial of access to counsel while a pretrial detainee barred by Heck
15 because claim would necessarily imply invalidity of subsequent conviction).

16 Since Plaintiff lost good time credits as a result of the incident described in his
17 Complaint, his claims could be Heck barred.  It appears that a finding in Plaintiff's favor on
18 this claim in this case could be inconsistent with the disciplinary finding.  In such a
19 circumstance,  Plaintiff's proceeding would have to be construed as a challenge to the
20 disciplinary finding and, as such, would have to be pursued in a habeas proceeding.  In his
21 amended complaint, Plaintiff should explain how the disciplinary finding could stand if he
22 were to obtain damages or equitable relief in this action. Otherwise, this claim will be Heck
23 barred.

**C.    Eighth Amendment - Medical Care**

25 Plaintiff has alleged that Defendants Ryan and Dedee violated his right to adequate
26 medical care under the Eighth Amendment.

27 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
28 inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's has alleged a serious medical condition. He has alleged that he suffers from ongoing and physically limiting lower back pain. This pain is so bad that it hampers Plaintiff's ability to walk without a cane and caused back spasms. Failure to treat such a condition could result in further and significant injury.

Although Plaintiff has alleged a serious medical condition, it is not clear whether he meets the deliberate indifference requirement. Plaintiff has alleged that he submitted numerous medical request forms. It is not clear which or how many of them were ignored or how Defendants Ryan and Dedee were aware of the forms and responsible for acting on and them ignoring them. Plaintiff alleges that Defendant Dedee ignored his complaints when he went to see her on July 7, 2009 and Defendant Ryan did not properly record his

medical state after Plaintiff was forcibly removed from the medical center. These allegations are simply conclusions without factual allegations that would enable the Court to conclude that Defendants had knowledge of his medical condition and were or should have been aware that their action or inaction would exacerbate it. From the limited facts pled regarding the incident itself, it cannot be said that Defendants' actions amounted to deliberate indifference rather than innocent aberrations in Plaintiff's ongoing medical care at PVSP. Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should explain how Defendants Ryan and Dedee's actions amounted to deliberate indifference. He should explain specifically when and how they failed to respond to his medical needs, his basis for alleging they acted with deliberate indifference, and the harm caused by their action or inaction.

### D. Eighth Amendment - Excessive Force

Plaintiff alleges that Defendants Dutra and Austen violated his Eighth Amendment rights through their use of excessive force.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, ___ U.S. ___, ___, 130 S. Ct. 1175, 1176-77 (2010).

Plaintiff has not a cognizable Eighth Amendment claim for excessive force against either Defendant. Plaintiff alleges Defendant Dutra tackled him, threw him on the floor, and improperly handcuffed him. He also alleges that Defendant Austen helped Defendant Dutra to improperly handcuff Plaintiff. Plaintiff was injured due to the improper handcuffing, but does not sufficiently explain the surrounding situation to allow the Court to determine if the force was applied in good-faith or in a sadistic and malicious manner.

Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should focus on describing the July 7, 2009 incident and the events leading up to Defendants Dutra and Austen's actions. He should explain if and how they were or should have been aware that he needed a cane, if he explained why he was having trouble leaving the office, what words were exchanged, and why Defendants' actions should be considered to be malicious or sadistic.

## IV. **CONCLUSION AND ORDER**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-

49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed June 7, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   July 14, 2012                     /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE