1  .

2

3

4               UNITED STATES DISTRICT COURT

5

6                 EASTERN DISTRICT OF CALIFORNIA

7

8

9  NICOLAS MORAN,                    CASE NO.    1:11-cv-914-LJO-MJS (PC)

10                                   FINDINGS AND RECOMMENDATIONS
                      Plaintiff,     RECOMMENDING ACTION PROCEED ON
11                                   EIGHTH AMENDMENT CLAIMS AGAINST
                                     DEFENDANTS DUTRA, AUTEN, RYAN, AND
12        v.                         D E D E E ;   A N D   R E C O M M E N D I N G
                                     REMAINING CLAIMS AND PARTIES BE
13  K. DUTRA, et al.,                DISMISSED

14                                   (ECF No. 11)
                      Defendants.
15                                   THIRTY-DAY OBJECTION DEADLINE
                                  /
16

17        Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

19        Plaintiff initiated this action on June 7, 2011.  (ECF No. 1.)  The Court previously

20  screened Plaintiff's initial Complaint and dismissed it leave to amend for failure to state a

21  claim.  (ECF No. 10.)  Plaintiff has filed a First Amended Complaint.  (Am. Compl., ECF

22  No. 11.)   No other parties have appeared in this action.   Plaintiff's First Amended

23  Complaint is now before the Court for screening.

24  I.    SCREENING REQUIREMENT

25        The Court is required to screen complaints brought by prisoners seeking relief

26  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

28  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

                                        -1-

1  relief may be granted, or that seek monetary relief from a defendant who is immune from
2  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
3  thereof, that may have been paid, the court shall dismiss the case at any time if the court
4  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
5  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6      A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
8  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
9  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.
10 Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
11 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
12 plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).
13 Facial plausibility demands more than the mere possibility that a defendant committed
14 misconduct and, while factual allegations are accepted as true, legal conclusions are not.
15 Id. at 1949-50.

16 **II.   SUMMARY OF PLAINTIFF'S COMPLAINT**

17     Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP"), where the
18 events at issue in his First Amended Complaint occurred.  Plaintiff sues the following
19 individuals for inadequate medical care and excessive force under the Eighth Amendment:
20 1) K. Dutra, medical correctional officer at PVSP, 2) Auten, correctional officer at PVSP,
21 3) Ryan, registered nurse at PVSP, 4) Dedee, registered nurse at PVSP, and 5) John
22 Does, 1-20.

23     Plaintiff alleges as follows:

24     On July 7, 2009, Plaintiff was summoned to the medical clinic at PVSP after he
25 reported he was in pain.  (Am. Compl. at 4.)  Defendant Dedee interviewed Plaintiff and
26 called him a liar.  (Id.)  She told Plaintiff she would make an appointment for him to see the
27 doctor in thirty days and failed to provide him with any immediate treatment.  (Id.)
28 Defendant Ryan entered the room and indicated she knew about Plaintiff's previous

1    medical requests but failed to process them.  (Id. at 5.)  Plaintiff asked for a wheelchair but
2    instead Defendants Dutra and Auten were asked to escort Plaintiff out of the clinic.  (Id.)
3    Plaintiff tried walk out of the clinic but he could not do so.  (Id.)  Defendants Dutra and
4    Auten tackled Plaintiff, threw him to the floor, cuffed him, placed a knee on Plaintiff's back,
5    and cut his left wrist.  (Id. at 5-6.)  Defendants Dutra and Auden, with additional staff
6    members, dragged Plaintiff out of the office.  (Id. at 6.)

7        From the clinic Plaintiff was taken to a holding cell.  (Am. Compl. at 6.)  Plaintiff
8    asked Defendants Dutra and Auten, as well as other staff members, to loosen the
9    handcuffs but his requests were ignored.  (Id.)  Eventually Defendants Dutra and Auten
10   dragged Plaintiff to the program office.  (Id.)  While doing this they insulted him and told
11   him to walk.  (Id.)  Plaintiff was found guilty of a rules violation report for disruptive
12   behavior.  (Id.)

13       Plaintiff asks for medical treatment, reinstatement of his chronos, reinstatement of
14   his prior medication, a meeting with a member of the American Board of Neurological
15   Surgery, $150,000 in compensatory damages, and punitive damages.  (Am. Compl. at 23.)

16   **III.    ANALYSIS**

17       **A.    42 U.S.C. § 1983**

18       42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
19   privileges, or immunities secured by the Constitution and laws' of the United States."
20   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).
21   Section 1983 is not itself a source of substantive rights, but merely provides a method for
22   vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94,
23   109 S. Ct. 1865 (1989).

24       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
25   a right secured by the Constitution or laws of the United States was violated, and (2) that
26   the alleged violation was committed by a person acting under the color of state law.  See
27   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
28   (9th Cir. 1987).

1  **B.    §1983 Linkage Requirement**

2  Pursuant to § 1983, Plaintiff must demonstrate that each named defendant

3  personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930,

4  934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory

5  liability," loosely and commonly used by both courts and litigants alike, is a misnomer.

6  Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the

7  unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.

8  at 1948. Rather, each government official, regardless of his or her title, is only liable for

9  his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

10  through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at

11  1948–49.

12  Plaintiff has not alleged facts demonstrating that any John Doe Defendant

13  personally acted to violate his rights. Plaintiff will not be given further leave to amend at

14  this time. Plaintiff should also note that the United States Marshal cannot initiate service

15  of process on unknown defendants.

16  **C.    Eighth Amendment - Medical Care**

17  Plaintiff has alleged that Defendants Ryan and Dedee violated his right to adequate

18  medical care under the Eighth Amendment.

19  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

20  inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

21  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

22  285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a

23  serious medical need' by demonstrating that 'failure to treat a prisoner's condition could

24  result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2)

25  "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096

26  (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

27  grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)

28  (internal quotations omitted)).

-4-

1    To show deliberate indifference, Plaintiff must show "a purposeful act or failure to
2  respond to a prisoner's pain or possible medical need, and harm caused by the
3  indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high
4  legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this
5  standard, the prison official must not only 'be aware of the facts from which the inference
6  could be drawn that a substantial risk of serious harm exists,' but that person 'must also
7  draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.
8  Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then
9  the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.
10  (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

11    Plaintiff has alleged a serious medical condition.  He has alleged that he suffers
12  from pain spasms in his back that have hampered his ability to walk.  Failure to treat such
13  a condition could result in further and significant injury.

14    Plaintiff has also alleged that Defendants Ryan and Dedee were deliberately
15  indifferent to his serious medical condition.  Plaintiff has alleged that Defendant Ryan
16  received Plaintiff's medical requests, meaning she was aware of Plaintiff's condition, and
17  failed to process them, thereby preventing Plaintiff from receiving treatment.  Plaintiff has
18  also alleged that he directly informed Defendant Dedee of his condition and Defendant
19  Dedee acted with deliberate indifference by failing to provide care to or for Plaintiff.  These
20  allegations suggest Defendants were aware of Plaintiff's serious medical condition and
21  failed to provide him with adequate medical treatment.

22    Plaintiff has satisfied both prongs of an Eighth Amendment inadequate medical care
23  claim against Defendants Ryan and Dedee.  Plaintiff has stated a cognizable Eighth
24  Amendment claim against these Defendants.

25    **D.    Eighth Amendment - Excessive Force**

26    Plaintiff alleges that Defendants Dutra and Auten violated his Eighth Amendment
27  rights through their use of excessive force.

28    The analysis of an excessive force claim brought pursuant to Section 1983 begins

-5-

1    with "identifying the specific constitutional right allegedly infringed by the challenged

2    application of force."   Graham v. Connor, 490 U.S. 386, 394 (1989).  The Eighth

3    Amendment's prohibition on cruel and unusual punishment applies to incarcerated

4    individuals, such as the Plaintiff here.  Whitley v. Albers, 475 U.S. 312, 318 (1976).  To

5    state an Eighth Amendment claim, a plaintiff must allege that the use of force was

6    "unnecessary and wanton infliction of pain."  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.

7    2001).   The malicious and sadistic use of force to cause harm always violates

8    contemporary standards of decency, regardless of whether or not significant injury is

9    evident.  Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623,

10   628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis

11   uses of force, not de minimis injuries).  However, not "every malevolent touch by a prison

12   guard gives rise to a federal cause of action."  Hudson, 503 U.S. at 9.   "The Eighth

13   Amendment's prohibition of cruel and unusual punishments necessarily excludes from

14   constitutional recognition de minimis uses of physical force, provided that the use of force

15   is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations

16   marks and citations omitted).

17          Whether force used by prison officials was excessive is determined by inquiring if

18   the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously

19   and sadistically to cause harm."  Hudson, 503 U.S. at 6-7.  The Court must look at the

20   need for application of force; the relationship between that need and the amount of force

21   applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and

22   inmates as reasonably perceived by prison officials; and any efforts made to temper the

23   severity of the response.  See Whitley, 475 U.S. at 321.  The absence of significant injury

24   alone is not dispositive of a claim of excessive force.  See Wilkens v. Gaddy, ___ U.S. ___,

25   ___, 130 S. Ct. 1175, 1176-77 (2010).

26          Plaintiff has stated a cognizable Eighth Amendment claim for excessive force

27   against Defendants Dutra and Auten.  Plaintiff alleges that he was unable to follow

28   Defendants' orders due to his medical condition, and rather than providing him with a cane

-6-

or wheelchair, these Defendants used unnecessary force to remove him from the medical clinic. Defendant Dutra tackled him, threw him on the floor, kneed him in the back, and improperly handcuffed him, thereby injuring him. Defendant Auten helped Defendant Dutra improperly handcuff Plaintiff. Defendants also dragged him to different areas of the prison. Plaintiff has alleged Defendants Dutra and Auten used force in a malicious and sadistic manner to cause him harm. Plaintiff has stated a cognizable excessive force claim against Defendants Dutra and Auten.

## IV.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint states a cognizable Eighth Amendment claim for inadequate medical care against Defendants Ryan and Dedee and a cognizable Eighth Amendment claim for excessive force against Defendants Dutra and Auten. Plaintiff has failed to state a claim against Defendants John Does # 1-20.

Plaintiff was previously provided with the legal standards applicable to his federal claims and given leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Further leave to amend as to the federal claims is not warranted.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Plaintiff be allowed to proceed on his Eighth Amendment claim for inadequate medical care against Defendants Ryan and Dedee and his Eighth Amendment claim for excessive force against Defendants Dutra and Auten;

2.   Plaintiff's claims against Defendants John Does #1-20 be dismissed; and

3.   Defendants John Does #1-20 be dismissed from this action based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
Plaintiff is advised that failure to file objections within the specified time may waive the right
to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 21, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

-8-