# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN, <br><br>  Plaintiff, <br><br> v. <br><br> K. DUTRA, et al., <br><br>  Defendants. <br> / | CASE NO.   1:11-cv-914-LJO-MJS (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS DUTRA, AUTEN, RYAN, AND DEDEE; AND RECOMMENDING REMAINING CLAIMS AND PARTIES BE DISMISSED <br><br> (ECF No. 11) <br><br> THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Nicolas Moran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on June 7, 2011. (ECF No. 1.) The Court previously screened Plaintiff's initial Complaint and dismissed it leave to amend for failure to state a claim. (ECF No. 10.) Plaintiff has filed a First Amended Complaint. (Am. Compl., ECF No. 11.) No other parties have appeared in this action. Plaintiff's First Amended Complaint is now before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

-1-

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP"), where the events at issue in his First Amended Complaint occurred. Plaintiff sues the following individuals for inadequate medical care and excessive force under the Eighth Amendment: 1) K. Dutra, medical correctional officer at PVSP, 2) Auten, correctional officer at PVSP, 3) Ryan, registered nurse at PVSP, 4) Dedee, registered nurse at PVSP, and 5) John Does, 1-20.

Plaintiff alleges as follows:

On July 7, 2009, Plaintiff was summoned to the medical clinic at PVSP after he reported he was in pain. (Am. Compl. at 4.) Defendant Dedee interviewed Plaintiff and called him a liar. (Id.) She told Plaintiff she would make an appointment for him to see the doctor in thirty days and failed to provide him with any immediate treatment. (Id.) Defendant Ryan entered the room and indicated she knew about Plaintiff's previous

medical requests but failed to process them. (Id. at 5.) Plaintiff asked for a wheelchair but instead Defendants Dutra and Auten were asked to escort Plaintiff out of the clinic. (Id.) Plaintiff tried walk out of the clinic but he could not do so. (Id.) Defendants Dutra and Auten tackled Plaintiff, threw him to the floor, cuffed him, placed a knee on Plaintiff's back, and cut his left wrist. (Id. at 5-6.) Defendants Dutra and Auden, with additional staff members, dragged Plaintiff out of the office. (Id. at 6.)

From the clinic Plaintiff was taken to a holding cell. (Am. Compl. at 6.) Plaintiff asked Defendants Dutra and Auten, as well as other staff members, to loosen the handcuffs but his requests were ignored. (Id.) Eventually Defendants Dutra and Auten dragged Plaintiff to the program office. (Id.) While doing this they insulted him and told him to walk. (Id.) Plaintiff was found guilty of a rules violation report for disruptive behavior. (Id.)

Plaintiff asks for medical treatment, reinstatement of his chronos, reinstatement of his prior medication, a meeting with a member of the American Board of Neurological Surgery, $150,000 in compensatory damages, and punitive damages. (Am. Compl. at 23.)

## III.  ANALYSIS

### A.  42 U.S.C. § 1983

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.  §1983 Linkage Requirement

Pursuant to § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that any John Doe Defendant personally acted to violate his rights. Plaintiff will not be given further leave to amend at this time. Plaintiff should also note that the United States Marshal cannot initiate service of process on unknown defendants.

### C.  **Eighth Amendment - Medical Care**

Plaintiff has alleged that Defendants Ryan and Dedee violated his right to adequate medical care under the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

1   To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has alleged a serious medical condition. He has alleged that he suffers from pain spasms in his back that have hampered his ability to walk. Failure to treat such a condition could result in further and significant injury.

Plaintiff has also alleged that Defendants Ryan and Dedee were deliberately indifferent to his serious medical condition. Plaintiff has alleged that Defendant Ryan received Plaintiff's medical requests, meaning she was aware of Plaintiff's condition, and failed to process them, thereby preventing Plaintiff from receiving treatment. Plaintiff has also alleged that he directly informed Defendant Dedee of his condition and Defendant Dedee acted with deliberate indifference by failing to provide care to or for Plaintiff. These allegations suggest Defendants were aware of Plaintiff's serious medical condition and failed to provide him with adequate medical treatment.

Plaintiff has satisfied both prongs of an Eighth Amendment inadequate medical care claim against Defendants Ryan and Dedee. Plaintiff has stated a cognizable Eighth Amendment claim against these Defendants.

### D. **Eighth Amendment - Excessive Force**

Plaintiff alleges that Defendants Dutra and Auten violated his Eighth Amendment rights through their use of excessive force.

The analysis of an excessive force claim brought pursuant to Section 1983 begins

with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, ___ U.S. ___, ___, 130 S. Ct. 1175, 1176-77 (2010).

Plaintiff has stated a cognizable Eighth Amendment claim for excessive force against Defendants Dutra and Auten. Plaintiff alleges that he was unable to follow Defendants' orders due to his medical condition, and rather than providing him with a cane

or wheelchair, these Defendants used unnecessary force to remove him from the medical clinic. Defendant Dutra tackled him, threw him on the floor, kneed him in the back, and improperly handcuffed him, thereby injuring him. Defendant Auten helped Defendant Dutra improperly handcuff Plaintiff. Defendants also dragged him to different areas of the prison. Plaintiff has alleged Defendants Dutra and Auten used force in a malicious and sadistic manner to cause him harm. Plaintiff has stated a cognizable excessive force claim against Defendants Dutra and Auten.

## IV.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint states a cognizable Eighth Amendment claim for inadequate medical care against Defendants Ryan and Dedee and a cognizable Eighth Amendment claim for excessive force against Defendants Dutra and Auten. Plaintiff has failed to state a claim against Defendants John Does # 1-20.

Plaintiff was previously provided with the legal standards applicable to his federal claims and given leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Further leave to amend as to the federal claims is not warranted.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be allowed to proceed on his Eighth Amendment claim for inadequate medical care against Defendants Ryan and Dedee and his Eighth Amendment claim for excessive force against Defendants Dutra and Auten;

2. Plaintiff's claims against Defendants John Does #1-20 be dismissed; and

3. Defendants John Does #1-20 be dismissed from this action based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 21, 2012           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE