# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS MORAN,<br><br>        Plaintiff,<br><br>    v.<br><br>K. DUTRA, et al.,<br><br>        Defendants. | Case No.  1:11-cv-0914-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS FOR DENIAL OF DEFENDANTS AUTEN AND DUTRA'S MOTION TO DISMISS<br><br>(ECF No. 23)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

Plaintiff Nicholas Moran ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's First Amended Complaint (Am. Compl., ECF No. 11) and found that it stated cognizable claims against Defendants Ryan and Dedee for inadequate medical care and against Defendants Dutra and Auten for excessive force under the Eighth Amendment of the United States Constitution (ECF Nos. 12, 13).

Defendants Dutra and Auten move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff is allegedly pursuing a 42 U.S.C. § 1983 suit as a means of contesting a rules violation conviction that altered the length of his sentence without first successfully challenging his conviction under 28 U.S.C. § 2254. (Defs.' Mot., ECF No. 23.) Plaintiff filed an opposition. (Pl.'s Opp'n, ECF No. 28.) Defendants filed a reply. (Defs.' Reply, ECF No. 29.)

Pursuant to Local Rule 230(*l*), Defendants Dutra and Auten's motion is now ready for ruling.

## I. LEGAL STANDARD

### A. Motion to Dismiss Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-679; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### B. *Heck* Bar

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2. Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

## II.   PLAINTIFF'S CLAIMS

Plaintiff allegations are as follows:

On July 7, 2009, Plaintiff was summoned to the medical clinic at PVSP after he reported he was in pain. (Am. Compl. at 4.) Defendant Dedee interviewed Plaintiff and called him a liar. (Id.) She told Plaintiff she would make an appointment for him to see the doctor in thirty days and failed to provide him with any immediate treatment. (Id.) Defendant Ryan entered the room and indicated she knew about Plaintiff's previous medical requests but failed to process them. (Id. at 5.) Plaintiff asked for a wheelchair but instead Defendants Dutra and Auten were asked to escort Plaintiff out of the clinic. (Id.) Plaintiff tried to walk out of the clinic but he could not do so. (Id.) Defendants Dutra and Auten tackled Plaintiff, threw him to the floor, cuffed him, placed a knee on Plaintiff's back, and cut his left wrist. (Id. at 5-6.) Defendants Dutra and Auden, with additional staff members, dragged Plaintiff out of the office. (Id. at 6.)

From the clinic Plaintiff was taken to a holding cell. (Am. Compl. at 6.) Plaintiff asked Defendants Dutra and Auten, as well as other staff members, to loosen the handcuffs but his requests were ignored. (Id.) Eventually Defendants Dutra and Auten dragged Plaintiff to the program office. (Id.) While doing this they insulted him and told him to walk. (Id.) Plaintiff was found guilty of a rules violation report for disruptive behavior. (Id. at Ex. 9.)

## III.   ANALYSIS

Defendants Auten and Dutra's argument that Plaintiff's claims are Heck barred is without merit.

Although Plaintiff did lose credits for refusing to leave a medical building after he

was given orders to do so (Am. Compl. at Ex. 9), a finding in Plaintiff's favor here would not require the invalidity of the Rules Violation Report. Plaintiff's First Amended Complaint does not dispute the sequence of events giving rise to the rules violation and the lost credits. Plaintiff acknowledges that he did not leave the medical building as directed because he was in too much pain, but alleges that the force used to make him leave was excessive and also that he was denied adequate medical care. (Id. at 5.) If a jury were to find that Plaintiff's version of events were correct, it would not require the Rules Violation Report to be undone.

At this stage of the proceedings, it does not appear that Plaintiff's version of the events contradicts the findings of the Rules Violation Report to such a degree that the findings of the Rules Violation Report could not stand if Plaintiff were to prevail on his claims. Plaintiff concedes that he did not leave the clinic as directed. That failure is the basis for the findings of the Rules Violation Report. This case challenges not the basis for the rules violation, but rather the reasonableness of the force used in response to that refusal.

Plaintiff's claims would only be barred by the favorable termination rule if a finding in his favor on the claim would necessarily imply the invalidity of the disciplinary conviction. Wilkinson, 544 U.S. at 81-2; Edwards v. Balisok, 520 U.S. 641, 80-81 (1997). A finding that defendants' use of force was unprovoked and constituted excessive force would not necessarily imply the invalidity of his Rules Violation Report. The Court does not find that Plaintiff's excessive force and inadequate medical care claims are barred by the favorable termination rule.

**IV.     CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants Auten and Dutra's motion to dismiss (ECF No. 23) be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations,

4

any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 15, 2013              /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE