# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>    Plaintiff,<br><br>    v.<br><br>K. DUTRA, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:11-cv-0914-LJO-MJS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DEDEE SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>(ECF No. 32)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Nicolas Moran ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 7, 2011.  The action proceeds on Plaintiff's First Amended Complaint against Defendants Auten, Dedee, Dutra, and Ryan.

Defendants Auten, Dutra, and Ryan waived service and entered appearances in the action.  However, the Marshal was not able to locate Defendant Dedee and service was returned un-executed on July 29, 2013.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted).

However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it to locate and serve Defendant Dedee.[1] Walker, 14 F.3d at 1421-22. Accordingly, Plaintiff shall show cause why Defendant Dedee should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Dedee shall be dismissed from the action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Dedee should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in

/////

/////

/////

---

[1] The Marshal's Office sought assistance from the prison and the Office of Legal Affairs for the California Department of Corrections and Rehabilitation and still could not locate Defendant Dedee. (ECF No. 32.)

1 | the dismissal of Defendant Dedee from this action.

5 | IT IS SO ORDERED.

Dated: October 9, 2013        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE