UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>        Plaintiff,<br><br>    v.<br><br>K. DUTRA, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-0914-LJO-MJS (PC)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM (ECF No. 56); (2) DEEMING FIRST AMENDED COMPLAINT (ECF No. 11) AMENDED TO SUBSTITUTE E. ONWUBUYA IN PLACE OF DEDEE AS DEFENDANT; (3) DIRECTING CLERK'S OFFICE TO AMEND COURT RECORDS TO REFLECT SUBSTITUTION; (4) DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO AMEND THE COURT'S DISCOVERY AND SCHEDULING ORDER (ECF No. 64); (3) DENYING PLAINTIFF'S REQUEST TO MODIFY THE DISCOVERY AND SCHEDULING ORDER (ECF No. 70); AND (4) DENYING PLAINTIFF'S MOTION FOR SUBPOENA (ECF No. 71)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This action proceeds

against Defendants Ryan and Dedee on Plaintiff's Eighth Amendment inadequate medical care claim, and against Defendants Dutra and Auten on Plaintiff's Eighth Amendment excessive force claim. (ECF Nos. 12, 13.)

On October 26, 2012, this Court ordered the United States Marshal to serve Plaintiff's amended complaint on Defendants. (ECF No. 17.) Defendants Ryan, Auten, and Dutra waived service and answered the complaint. (ECF No. 24, 42, 47). However, service as to Defendant Dedee was twice returned unexecuted. (ECF No. 21, 32.)

On October 4, 2013, the Court issued a discovery and scheduling order, setting the deadline to amend pleadings as April 4, 2014, the discovery cut-off date as June 4, 2014, and the dispositive motion deadline as August 14, 2014. (ECF No. 46.)

On October 10, 2013, the Court ordered Plaintiff to show cause why Defendant Dedee should not be dismissed. (ECF No. 48.) Plaintiff responded to the Court's order (ECF No. 51), but the Court concluded that Plaintiff had not shown good cause and issued findings and a recommendation that Defendant Dedee be dismissed (ECF No. 63).

On December 13, 2013, Plaintiff filed a motion for a subpoena duces tecum, seeking to obtain the full name and address of Defendant Dedee. (ECF No. 56.) Defendants Dutra, Ryan, and Auten opposed the motion, but noted that the California Department of Corrections and Rehabilitation ("CDCR") had recently identified Defendant Dedee's "true" name as E. Onwubuya. (ECF No. 57.) Plaintiff filed a reply, in which he also asked the Court to amend Defendant Dedee's name to "E. Onwubuya." (ECF No. 60.)

On April 3, 2014, Plaintiff filed a request to amend the discovery and scheduling order, seeking to extend the deadline to amend pleadings to correct Defendant Dedee's name. (ECF No. 64.) Defendants filed an opposition. (ECF No. 67.) Plaintiff did not file a reply.

2

1 Thereafter, the court discharged the order to show cause and directed
2 Defendants Auten, Ryan and Dutra to provide the United States Marshal with Defendant
3 Dedee's correct name and contact information. (ECF No. 68.) Defendants complied
4 (ECF No. 69), and on June 24, 2014, the Marshal again was ordered to serve Defendant
5 Dedee. (ECF No. 74.) Service is still pending.

6 Meanwhile, on June 2, 2014, Plaintiff filed a motion to modify the discovery and
7 scheduling order to extend the discovery cut-off. (ECF No. 70.) Defendants opposed the
8 motion. (ECF No. 72.) Plaintiff filed a reply. (ECF No. 77.)

9 Additionally, on June 13, 2014, Plaintiff filed a motion for subpoena. (ECF No. 71.)
10 Defendants opposed the motion (ECF No. 76), and Plaintiff filed a reply (ECF No. 80).

11 The following motions filed by Plaintiff are ready for decision: (1) December 13,
12 2013 motion for subpoena (ECF No. 56); (2) April 3, 2014 motion to extend the time to
13 amend pleadings (ECF No. 64); (3) June 2, 2014 motion to extend the discovery cut-off
14 (ECF No. 70); and (4) June 13, 2014 motion for subpoenas (ECF No. 71).

**II. MOTION FOR SUBPOENA DUCES TECUM REGARDING DEFENDANT DEDDE**

16 Plaintiff's seeks to subpoena the Chief Medical Officer at Pleasant Valley State
17 Prison to provide Defendant Dedee's "full information," which Plaintiff allegedly needs to
18 serve his complaint. (ECF No. 56.) Defendants Dutra, Auten, and Ryan oppose the
19 motion on the grounds that Plaintiff did not make the required showing for a subpoena
20 duces tecum, and because their recent disclosure of Defendant Dedee's information to
21 the Marshals Service renders Plaintiff's motion moot. (ECF No. 57.) In reply, Plaintiff
22 asks to amend his pleading to reflect Defendant Dedee's true name, "E. Onwubuya."
23 (ECF No. 60.)

24 Because Defendants have provided the Marshals Service with Defendant
25 Dedee's true name and last known address (ECF No. 69), the Court will deny Plaintiff's
26 motion for subpoena as moot. His request to amend the complaint is discussed in
27 Section III, below.

### III. REQUEST TO AMEND COMPLAINT TO REFLECT DEDEE'S TRUE NAME

As noted above, Plaintiff asks to amend his pleading to reflect Defendant Dedee's true name. (ECF No. 60.) Plaintiff also seeks to modify the Court's discovery and scheduling order to extend the April 4, 2014 deadline for amending pleadings to allow time for Defendant Dedee to be served. (ECF No. 64.) Defendants argue that Plaintiff has not shown good cause to amend the discovery and scheduling order, and that Defendants will be prejudiced if the deadline is held open until Defendant Dedee is served. (ECF No. 67.)

Based on the submissions of the parties (ECF Nos. 57 & 60), it appears that E. Onwubuya is the name of the individual whose actions are at issue in this case. Accordingly, the Court will deem Plaintiff's first amended complaint (ECF No. 11) amended to substitute E. Onwubuya in place of Dedee.

It appears that Plaintiff's only basis for seeking to extend the deadline to amend pleadings is his desire to correct Defendant Dedee's name. He provides no reason why the deadline to amend should be held open until this defendant is served. In light of the Court's decision to deem Plaintiff's first amended complaint amended, the Court will deny Plaintiff's motion for extension of time as moot.

### IV. REQUEST TO EXTEND DISCOVERY CUT-OFF

Plaintiff seeks a ninety day extension of the discovery cut-off to obtain information and/or documents relating to administrative review of the events at issue in this action.[1] (ECF No. 70.) More specifically, Plaintiff explains that the reviewer in Plaintiff's second level administrative appeal concluded that health care staff involved in the events at issue did not violate CDCR policy. (Id. at 22.) However, the Office of Third Level Appeals found that the second level reviewer's conclusion was not supported by the evidence submitted. (Id. at 23.) Accordingly, a modification order was issued, ordering the second

---

[1] Plaintiff implies that his prior motion to modify the Court's discovery and scheduling order (ECF No. 64), discussed in Section III, above, also sought an extension of the discovery cut-off. However, that motion only sought to extend the deadline to amend pleadings.

level reviewer to provide evidence supporting the conclusion to the Office of Third Level Appeals, or to re-conduct the inquiry and to provide all documentation associated with the new inquiry to the Office of Third Level Appeals. (Id.) Plaintiff has sought the "outcome" of this modification order through requests to various non-parties without success. (Id. at 2-4.)  Plaintiff also suggests that he requested this information from Defendants by requesting "all and every piece of document" related to the events at issue. Id. at 4.

Defendants object to Plaintiff's request on numerous grounds. (ECF No. 72.) Defendants first argue that Plaintiff did not seek this information in his request for production of documents and, even if his request could be construed liberally to have requested the "outcome" of the modification order, Defendants properly objected to the request on confidentiality grounds. (Id. at 4-7.) Additionally, Defendants point out that Plaintiff did not file a motion to compel. (Id. at 7-8.) Defendants next argue that additional discovery in this action would be repetitive and abusive, given that Plaintiff recently served Defendants with written deposition questions that essentially duplicate Plaintiff's requests for admission. (Id. at 8-9.) Finally, Defendants assert that no further discovery regarding the modification order is necessary. (Id. at 9-10). In support of this argument, Defendants point to declarations attached to their opposition, which state that Pleasant Valley State Prison ("PVSP") provided evidence to the Office of Third Level Appeals as required in the modification order, and that the Office of Third Level Appeals determined that the requirements of the modification order were fulfilled. (ECF No. 72-7 at 3-4, 72-10 at 2-3.) According to Defendants, these declarations provide Plaintiff with the "outcome" of the modification order. (ECF No. 72 at 9.)

In reply, Plaintiff asserts that he is entitled to the documents under Title 15, § 3084.9(i)(3)(B)(1) and (2) of the California Code of Regulations. (ECF No. 77.)

Plaintiff has not shown good cause to extend the discovery cut-off. See Fed. R. Civ. P. 16(b)(4). Plaintiff's request for production of documents, even when liberally

5

construed, did not seek information relating to the modification order. Even if it did, Defendants objected to Plaintiff's request for production of documents on January 15, 2014 (ECF No. 72-3), and Plaintiff did not file a motion to compel. Plaintiff also received, as early as January 25, 2013, unsatisfactory responses to his informal requests for documents from non-parties. (ECF No. 70.) However, Plaintiff did not seek relief from the discovery cut-off until June 2, 2014, two days before discovery concluded. Plaintiff has since filed a belated motion to subpoena the non-parties, but he is not entitled to subpoenas for the reasons discussed in Section V, below. Accordingly, the Court cannot conclude that Plaintiff exercised the requisite diligence in securing the information he seeks. Johnson, 975 F.2d at 609.

The Court therefore will deny Plaintiff's motion to extend the discovery cut-off.

**V.    MOTION FOR SUBPOENAS REGARDING ADMINISTRATIVE APPEAL**

On June 13, 2014, Plaintiff filed a motion for subpoenas duces tecum, seeking to subpoena the following individuals at PVSP to provide information concerning the modification order, yard tapes and CDs, and "the committee's decisions in regards to [Plaintiff's] lower back issues": 1) A. Nesbit, 2) U. Baniga, Chief Medical Executive, Health Care Services, 3) S. Navarro, Health Care Appeals Coordinator, Health Care Appeals Office, and 4) Charles E. Young, MS, Chief Executive Officer, Health Care Services. (ECF No. 71.)

Defendants oppose the motion on the ground that it is untimely, abusive, and improper. (ECF No. 76.) Defendants assert that the requested subpoenas would require disclosure of protected information and that Defendants will move to quash any subpoenas issued in response to Plaintiff's motion. Defendants again assert that Plaintiff has been provided the "outcome" of the modification order through declarations, and thus Plaintiff has no need to subpoena non-parties for further information. Defendants note that Plaintiff's request for the "committee's decision" is vague and, to the extent it relates to Plaintiff's medical evaluations, that information is accessible to Plaintiff in his

medical file. Finally, Defendants assert that Plaintiff did not request any "yard tapes" in his requests for production, that there is no basis for believing the identified non-parties possess any "yard tapes," and that Defendants made a "reasonable inquiry" into the existence of any recordings of the events at issue here and learned that there were none.

Plaintiff's motion was filed after the discovery cut-off and is untimely and, even if timeliness was not in issue, Plaintiff is not entitled to subpoenas for the reasons set forth below.

Parties may be entitled to the issuance of a subpoena commanding the production of documents from a nonparty, subject to certain requirements. Fed. R. Civ. P. 26(b), 34(c), 45. However, the Court will consider granting such a request only if the documents sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production. See Fed. R. Civ. P. 34. If Defendant objects to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

The Court will not issue a subpoena for a nonparty without Plaintiff first following the procedure outlined above. The record reflects that Plaintiff has not sought the requested information through discovery requests served upon Defendants and Plaintiff certainly has not filed a motion to compel Defendants to produce the requested documents. Accordingly, Plaintiff's motion for subpoenas duces tecum will be denied.

## VI.  CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for subpoena duces tecum (ECF No. 56) is DENIED as moot;

2. Pursuant to Federal Rule of Civil Procedure 15, Plaintiff's first amended complaint (ECF No. 11) is deemed amended to substitute E. Onwubuya in place of Dedee;

3. The Clerk's Office is directed to amend the court records to reflect this substitution;

4. Plaintiff's motion for an extension of time to amend the discovery and scheduling order, which seeks to extend the deadline to amend pleadings (ECF No. 64) is DENIED as moot;

5. Plaintiff's motion to modify the discovery and scheduling order to extend the discovery cut-off (ECF No. 70) is DENIED; and

6. Plaintiff's motion for subpoenas duces tecum (ECF No. 71) is DENIED.

IT IS SO ORDERED.

Dated: August 29, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE