UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>    Plaintiff,<br><br>    v.<br><br>K. DUTRA, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00914-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS TO:<br><br>GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT HOGGARD AND DENY IT AGAINST DEFENDANTS DUTRA AND BROCKMEYER<br><br>(ECF NO. 82)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

## I.  PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 11.) The action proceeds against Defendants Ryan (Hoggard) and Dedee (Onwubuya) on Plaintiff's Eighth Amendment inadequate medical care claim and against Defendants Dutra and Auten (Brockmeyer) on Plaintiff's Eighth Amendment excessive force claim.[1] (ECF No. 27.)

---

[1] Defendants Ryan, Auten, and Dedee have changed their last names since the date of the allegations. The Court will use their new last names in this order.

Defendant Onwubuya was served on October 30, 2014 and has yet to file a responsive pleading. (ECF No. 95.) An order to show cause why a default judgment should not be entered against her has been issued. (ECF No. 96.)

Before the Court is Defendants Hoggard, Dutra, and Brockmeyer's August 14, 2014 motion for summary judgment. (ECF No. 82.) Plaintiff opposes the motion, (ECF No. 90.), and Defendants filed a reply (ECF No. 93.). The matter is deemed submitted.

## II.     LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III. FACTUAL BACKGROUND

Plaintiff submitted numerous 7362 medical request forms ("Form 7362") complaining of neck and back pain. The only Form 7362 that Defendant Hoggard triaged was submitted on May 23, 2009. Defendant Hoggard "paper-triaged" the request on May 26, 2009, noting Plaintiff's x-ray results had been received and that a follow-up appointment had been scheduled. During the face-to-face triage the following day, Defendant Hoggard completed a Musculoskeletal Complaint (Non-Traumatic) Encounter Form, indicating Plaintiff complained of back pain on a pain level of nine out of ten, had normal vital signs, was stable, and ambulatory.

On July 7, 2009, Defendant Onwubuya saw Plaintiff in response to a July 6, 2009 Form 7362 that he had submitted. Defendant Onwubuya noted that Plaintiff's vital signs were normal, he was stable and ambulatory, he described his pain as five out of ten, and he requested pain medication.

Plaintiff attended his July 7, 2009 appointment with use of a fellow inmate's cane. Prior to July 7, 2009, medical physicians advised Plaintiff that he did not need a cane to walk. Defendant Onwubuya confiscated the cane at the appointment because Plaintiff did not have permission to possess it, and it was not medically necessary.

At the end of his appointment, Plaintiff recalls Defendant Hoggard entering the room. According to Plaintiff, Defendant Onwubuya asked Defendant Hoggard if he knew about Plaintiff's Form 7362s, and Defendant Hoggard responded that he did, but he forgot to process them in the computer.

According to Dr. G. Church, Plaintiff's "chronic condition was not debilitating, and even if it was, it did not worsen as a result of [Plaintiff] not seeing a physician, nurse practitioner, or physician's assistant, or not receiving more pain medication between the time of submitting the [Form] 7362, dated May 23, 2009, and his seeing a provider on July 17, 2009." (ECF No. 82-3 at 6-7.)

3

At the conclusion of his July 7, 2009 appointment, Plaintiff refused to leave. Defendant Dutra arrived and ordered Plaintiff to leave. Plaintiff refused. The accounts of how Plaintiff was escorted out of the Medical Clinic are disputed.

Defendant Dutra attests to placing his hand on Plaintiff's bicep and informing him that he would be escorted out. According to Defendant Dutra, Plaintiff replied "I told you I'm not leaving," and he laid down on the floor. When Plaintiff refused to comply, Defendant Dutra requested assistance and placed Plaintiff in handcuffs. According to Defendant Dutra, he used only enough pressure to close the handcuffs. Defendant Dutra does not recall Plaintiff complaining that the handcuffs were too tight. He did not allow Plaintiff to use a cane or wheelchair to be escorted back to his cell because he was not instructed by medical staff to do so.

Defendant Brockmeyer does not recall encountering Plaintiff on July 7, 2009, or escorting him from the Medical Clinic to the Program Office. She attests that she was not normally allowed to escort inmates outside of the Medical Clinic. Additionally, because a use of force package was not prepared as would have been customary, Defendant Brockmeyer does not believe she used force against Plaintiff on July 7, 2009.

According to Plaintiff, he informed all Defendants of his need for a wheelchair or a cane to return to his cell because he was having trouble walking. All of them refused to provide him with one. Defendant Dutra called for backup. Defendant Dutra, with Defendant Brockmeyer's assistance, tackled Plaintiff by grabbing his neck and throwing him face-down on the ground. Defendant Dutra placed his knee on Plaintiff's back and handcuffed him, applying pressure with his hands and cutting Plaintiff's wrist. Defendants Dutra and Brockmeyer, with additional staff members, dragged Plaintiff to the holding cell in the Medical Clinic. While in the holding cell, Plaintiff was angry and agitated and informed Defendants Dutra and Brockmeyer that he needed the handcuffs

4

loosened. Defendants Dutra and Brockmeyer failed to respond. Defendants Dutra and Brockmeyer and additional staff then dragged Plaintiff to the Program Office.

Once in the Program Office, Defendant Dutra removed Plaintiff's handcuffs. Plaintiff noticed a cut and swelling on his wrist. Defendant Hoggard assessed Plaintiff's injuries and informed him that he did not need anything for his wrist as it would heal within a week.

A nurse saw Plaintiff on July 21, 2009 in response to Plaintiff's July 19, 2009 Form 7362. Plaintiff complained of injuries sustained on July 7, 2009, including a scratch on his left wrist and numbness in his fingers. The nurse noted that Plaintiff's scratch was healed and there was no redness or swelling. Additionally, Plaintiff had full range of motion in his hands and fingers, equal strength, and good grip.

As a result of the July 7, 2009 incident, Plaintiff was found guilty of a Rules Violation Report for disruptive behavior.

**IV.   DISCUSSION**

   **A.   Inadequate Medical Care**

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.*; *See also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) "a purposeful act or failure to respond to a prisoner's pain or possible medical need", and b) "harm caused

by the indifference." *Jett*, 439 F.3d at 1096.  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes.  *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

### 1. Parties' Arguments

Defendant Hoggard argues that he was not deliberately indifferent to Plaintiff's medical needs because the undisputed facts demonstrate that he did not delay or fail to process Plaintiff's Form 7362s, and even if he did, the delay did not result in Plaintiff being denied medical care.

Plaintiff contends that Defendant Hoggard was deliberately indifferent to his medical needs because even though he was aware of Plaintiff's condition and that Plaintiff's pain was limiting his daily activities, he failed to send Plaintiff to a doctor after seeing him in May 2009.  Additionally, Defendant Hoggard admitted not processing

Plaintiff's Form 7362s and not helping Plaintiff obtain a wheelchair or otherwise return to his cell on July 7, 2009.

### 2. Analysis

Neither party disputes that Plaintiff suffered from chronic back pain, numbness, and spasms, that he had a history of degenerative disc disease, and that he submitted several medical requests regarding his neck and back pain. These facts are sufficient to demonstrate that Plaintiff had a serious medical need.

The determinative issue therefore is whether Defendant Hoggard knew of and disregarded Plaintiff's serious medical need and the risk of further significant injury resulting from it. In resolving this issue, the evidence must be viewed in the light most favorable to Plaintiff.

This Court found that Plaintiff stated a claim for deliberate indifference based on his allegations that Defendant Hoggard knew Plaintiff had submitted Form 7362s and failed to process them. (ECF No. 12.) Plaintiff's only evidence in support of this claim is that he heard Defendant Hoggard state that he forgot to process Plaintiff's forms. However, Plaintiff concedes that Defendant Hoggard triaged the issues raised in the May 23, 2009 Form 7362. It also appears that he agrees that he had been seen on all of his Form 7362s submitted prior to July 7, 2009 when Defendant Hoggard allegedly made the statement. (ECF No. 90 at 8, 19; ECF No. 93-1 at 11.) While Plaintiff contends Defendant Hoggard may have overlooked his July 2, 2009 Form 7362, complaining of lower back pain, that form reflects that it was reviewed on July 4, 2009, and it is undisputed that Plaintiff had a medical visit on July 7, 2009. (ECF No. 83 at 14.)

Plaintiff also complains that Defendant Hoggard was deliberately indifferent by failing to send him to a doctor in May 2009 and failing to provide him with a wheelchair on July 7, 2009 to return to his cell.

7

Defendants present evidence from Dr. G. Church that any delay in seeing a medical professional did not worsen Plaintiff's condition.  Specifically, Dr. Church opines that Plaintiff's "chronic condition was not debilitating, and even if it was, it did not worsen as a result of [Plaintiff] not seeing a physician, nurse practitioner, or physician's assistant, or not receiving more pain medication between the time of submitting the [Form] 7362, dated May 23, 2009, and his seeing a provider on July 17, 2009."  (ECF No. 82-3 at 6-7.)  Plaintiff concedes that numerous physicians provided him with their expert opinion that he did not need a cane or other assistance with walking.  He has submitted no qualified medical expert opinion to refute Dr. Church's opinion.

Based on the above, the Court finds that there is no competent evidence to support Plaintiff's allegation that Defendant Hoggard knew of and disregarded Plainitff's serious medical needs.  Plaintiff's disagreement with Defendant Hoggard's assessment of his ability to perform daily activities or his need for a wheelchair is insufficient to raise a question of fact.  Plaintiff is not qualified to render such medical opinions before this Court and has not provided any evidence from a qualified source to refute Defendant's contrary evidence.  *See* Fed. R. Evid. 701 (where a witness is not testifying as an expert, his opinion testimony is limited to one based on his perception rather than one based on scientific knowledge).

Thus, Plaintiff has presented no evidence that Defendant Hoggard caused Plaintiff to suffer wanton or unnecessary pain, injury, other impairment or a substantial risk of any of those things. Plaintiff has not met his burden to defeat Defendant Hoggard's motion for summary judgment.

**B.   Excessive Force**

To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain."  *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the

"force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks omitted); *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).

### 1. Parties' Arguments

Defendants Dutra and Brockmeyer contend that they were not aware of Plaintiff's medical condition, did not act with malicious intent, and used *de minimis* force in order to maintain discipline when Plaintiff failed to obey their commands. They also assert that they had no authority to provide Plaintiff with a wheelchair or cane for use in returning to his cell. Finally, they argue that Plaintiff's claim should be dismissed because it is subject to a *Heck* bar. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (the favorable termination rule bars any § 1983 claim which, if successful, would demonstrate the invalidity of confinement or its duration).

Plaintiff contends that through their previous encounters with him and their observations of him on July 7, 2009, Defendants Dutra and Brockmeyer knew of Plaintiff's condition, but still refused to provide him with a means of leaving the Medical Clinic. Instead, Defendants used excessive force in handcuffing him and dragging him out of the office, causing a cut on his wrist, swelling, and numbness. Defendants acted

to inflict pain and punishment on Plaintiff for not walking out of the Medical Clinic and returning to his cell.  Finally, Plaintiff argues that this Court rejected Defendants' *Heck* argument when it denied Defendants' motion to dismiss.

**2.     Analysis**

Plaintiff's opposition is sufficient to create and leave a dispute of fact as to events leading up to the application of force and the amount of force called for by the situation. While Defendants were not medically required to provide Plaintiff with a cane or wheelchair, there is a factual dispute as to how Defendants escorted Plaintiff back to his cell and whether they had a legitimate need to use the force that they did to get him to his cell.  This factual dispute goes to the core of the *Whitley* analysis and precludes summary judgment.

Defendants argue that the force used was only *de minimis* and meant to gain compliance with a lawful order.  However, the Court cannot find *de minimis* force on the facts before it.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *citing Hudson*, 503 U.S. at 9 (minor "push or shove" found *de minimis* force).  Plaintiff claims that Defendants, without any cause other than Plaintiff declining an order to leave the Medical Clinic (because, he claims, he was unable to), grabbed him by the neck, threw him onto the ground face first, drove a knee into his back, handcuffed him unnecessarily tightly, and dragged him to the Program Office.  Defendants deny that the foregoing occurred and argue that the force used was limited and appropriate and in response to Plaintiff's resistive behavior.  Thus, a factual dispute exists as to what really happened and why.

The Court cannot determine here, on summary judgment, who is telling the truth.  In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, *Soremekun*, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942

(9th Cir. 2011).

If Plaintiff's version of events is accepted as true by the trier of fact, the same fact finder could determine that the force used was more than *de minimis*. It is possible the finder of fact also could find, based on the facts presented exclusively by Plaintiff, that the force used was wanton and malicious and solely to inflict pain on Plaintiff and without legitimate penological purpose.

Certainly the evidence fails to reflect that Plaintiff suffered significant injury as a result of whatever force was used. However, that is not the criteria here. Under the law, Plaintiff need not show documented injury. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9. Accordingly, the Court recommends that Defendants' motion for summary judgment on the excessive force claim be denied.

Defendants' *Heck* argument appears to be a request for this Court to reconsider its Findings and Recommendations to deny their motion to dismiss on the same issue. (ECF No. 34.) Defendants do not raise any new evidence or legal authority to suggest that relief should be granted from that order. Defendants have not shown clear error or other meritorious grounds for relief. Thus, it remains the conclusion of the Court that Plaintiff's excessive force claim is not barred by *Heck*.

### C. Qualified Immunity

Defendants argue that they should be granted qualified immunity because they did not violate Plaintiff's constitutional rights and acted reasonably under the circumstances. Plaintiff argues that Defendants are not immune from liability because they knew of his medical condition and should have known that their unreasonable actions under the circumstances violated his constitutional rights.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a

11

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement"). The other inquiry is "whether the right was clearly established." *Id.* The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted). In resolving these issues, the Court must view the evidence in the light most favorable to Plaintiff and resolve all material factual disputes in favor of Plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The facts taken in the light most favorable to Plaintiff could support a finding of an intentional violation of Plaintiff's right under the Eighth Amendment to be free from excessive force. Such right was clearly established at the time of the incident. *See, e.g.,Whitley*, 475 U.S. at 320-21. Therefore, Defendants Dutra and Brockmeyer are not entitled to qualified immunity.

Given the Court's recommendation that Defendant Hoggard's motion for summary judgment be granted, the Court does not address the issue of qualified immunity as to him.

**D.   Punitive Damages**

Defendants' argue that Plaintiff has not shown the necessary evil intent to recover punitive damages. Plaintiff contends that Defendants acted intentionally and

12

purposely to cause him harm thereby entitling him to punitive damages.

Based on the Court's recommendation that Defendant Hoggard's motion for summary judgment be granted, this issue is moot as to him and the punitive damage claim against him. However, with respect to Defendants Dutra and Brockmeyer, Plaintiff has raised a factual dispute as to their intent in using force against him. Therefore, the motion for summary judgment on Plaintiff's request for punitive damages against them is denied.

## V. CONCLUSION AND RECOMMENDATION

The Court finds that there is no genuine issue of material fact as to Defendant Hoggard's liability, but that Plaintiff has raised a genuine issue of material fact as to Defendants Dutra and Brockmeyer. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 82.) be GRANTED against Defendant Hoggard and DENIED against Defendants Dutra and Brockmeyer.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 17, 2015          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

13