UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS MORAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. DUTRA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:11-cv-00914-LJO-MJS (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 68.)<br><br>FOURTEEN DAY DEADLINE |

　　　　Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Onwubuya on Plaintiff's Eighth Amendment inadequate medical care claim and against Defendants Dutra and Brockmeyer on his Eighth Amendment excessive force claim. (ECF No. 104.)  Defendants Dutra and Brockmeyer have appeared in the action.  (ECF No. 42.)  The Court granted Defendant Hoggard's motion for summary judgment. (ECF No. 104.)

　　　　On April 30, 2014, the Court ordered Defendants to provide the US Marshal Service with Defendant Onwubuya's contact information so that service could be properly effectuated.  (ECF No. 68.)  On May 2, 2014, Defendants filed a notice of compliance with the Court's order.  (ECF No. 69.)  Defendant Onwubuya was purportedly served at the address provided by Defendants on October 30, 2014 (ECF No. 95).

　　　　Defendant Onwubuya failed to file a response or otherwise plead, and on

February 9, 2015, the Court ordered Defendant to show cause why default should not be entered against her and ordered counsel to provide the Court with Defendant Onwubuya's last known contact information so that a copy of the order may be forwarded to her "at the address where service was effectuated."  (ECF No. 96.) Counsel for Defendants provided the Court with an out-of-state residential address.

Counsel, by special appearance for Defendant Onwubuya, has now filed a motion to quash service on the basis that Defendant Onwubuya was improperly served at an address in Folsom, California, which was provided by Defendants to the US Marshal Service.  (ECF No. 105.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have inherent power to control their dockets . . . [and] [i]n the exercise of that power, they may impose sanctions. . ." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

It appearing that Defendants failed to provide current and accurate contact information for Defendant Onwubuya pursuant to this Court's April 30, 2014 Order (ECF No. 68.), IT IS HEREBY ORDERED that:

1. Defendants show cause, within fourteen days from the date of this order, why sanctions should not be issued for failure to comply with a court order; and
2. The failure to file a response to this Order will result in sanctions.

IT IS SO ORDERED.

Dated:   March 30, 2015         /s/ *Michael J. Seng*
                        UNITED STATES MAGISTRATE JUDGE