1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  NICOLAS MORAN,                          Case No.  1:11-cv-00914-LJO-MJS (PC)

11              Plaintiff,                  **FINDINGS AND RECOMMENDATION
                                            TO GRANT DEFENDANT
12         v.                               ONWUBUYA'S MOTION FOR
                                            SUMMARY JUDGMENT**
13  K. DUTRA, et al.,
                                            **(ECF No. 132)**
14              Defendants.
                                            **FOURTEEN (14) DAY OBJECTION
15                                          DEADLINE**
16
17  **I.    PROCEDURAL HISTORY**
18
19         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil
20  rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 6 & 7.) The action
21  proceeds against Defendant Onwubuya on Plaintiff's Eighth Amendment inadequate
22  medical care claim and against Defendants Dutra and Brockmeyer on Plaintiff's Eighth
    Amendment excessive force claim. (ECF No. 27.)
23
24         Before the Court is Defendant Onwubuya's October 16, 2015 motion for
25  summary judgment. (ECF No. 132.) Plaintiff filed an opposition (ECF No. 134), and
26  Defendant filed a reply (ECF No. 138). The matter is deemed submitted. Local Rule
    230(*l*).
27
28

## II.     LEGAL STANDARD

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

**III.    FACTUAL SUMMARY**

Unless otherwise noted, the Court finds the following facts are undisputed.

**A.    Plaintiff's Claims**

Plaintiff's claims against Defendant Onwubuya arise out of a single interaction on July 7, 2009. On that date, Defendant Onwubuya, who is a nurse, saw Plaintiff for a complaint of back pain. According to Plaintiff, Defendant disputed that Plaintiff was experiencing pain. She confiscated the cane, belonging to another inmate,  Plaintiff used to walk to the medical clinic .. She scheduled Plaintiff to see a doctor in thirty days.

Plaintiff claims Defendant told him to leave the medical clinic, but he was unable to do so without assistance. He states that he requested a wheelchair but Defendant refused to provide one. When Plaintiff refused to leave, correctional officers (Defendants Dutra and Brockmeyer) escorted him out.

**B.    Facts Relating to Exhaustion**

In relation to the above encounter, Plaintiff filed an administrative appeal, Appeal Log No. PVSP-27-09-14179. In this appeal, Plaintiff complains that an unspecified nurse disputed that he was experiencing pain and denied his request for pain medication. The appeal does not reference confiscation of the cane Plaintiff was using or refusal of his request for a wheelchair. This appeal was exhausted to the third and final level of review.

Plaintiff also exhausted Appeal Log No. PVSP-27-09-10391 to the third and final level of review. Plaintiff did not raise complaints regarding the July 7, 2009 visit until the second level of review of this appeal. There, Plaintiff complained that a nurse refused to grant his request to see a doctor to increase his pain medication. He also complained that the first level reviewer refused to provide him a cane.

**IV.    ANALYSIS**

**A.    Legal Standard – Exhaustion**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). It is completed at the third level of review, also known as the Director's Level of Review. Id. at § 3084.7.

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." Id. Instead, the grievance must "alert the prison to the nature of the wrong for which redress is sought," and must give the prison an opportunity "to reach the merits of the issue." Id. at 1120-21.

## B.    Parties' Arguments

Defendants argue that Plaintiff failed to exhaust any administrative appeals regarding his claims against Defendant Onwubuya in this action, i.e., the confiscation of his cane and denial of a wheelchair.

Plaintiff counters that his claims against Defendant Onwubuya arise out of her failure to provide immediate medical treatment, not her confiscation of the cane and denial of the wheelchair. He states that he exhausted remedies against Defendant to the third level of review. He states that he could not appeal the confiscation of the cane because the cane was not his and he did not have a chrono for it. He also states he could not appeal the denial of a wheelchair, but does not explain why. He attributes any deficiencies in his appeal to difficulties with the English language.

### C.    Discussion

The materials provided demonstrate that Plaintiff did not exhaust administrative remedies regarding the confiscation of the cane and denial of a wheelchair on July 7, 2009. These complaints were not mentioned in his exhausted appeals. To the extent Plaintiff believed he required an assistive device to move about the prison, and that such a device was wrongfully denied him on July 7, 2009, his grievance did not "alert the prison to [the] problem and facilitate its resolution." Griffin, 557 F.3d at 1120.

Plaintiff's claims that he could not appeal such issues are unavailing. Failure to exhaust may be excused where administrative procedures were effectively unavailable, prison officials obstructed attempts to exhaust, or the plaintiff was prevented from exhausting because procedures for processing grievances were not followed. See Sapp v. Kimbrell, 623 F.3d 813, 822-24 (9th Cir. 2010). However, Plaintiff states that he was unable to appeal the confiscation of the cane because he had no right to its possession. This does not reflect a lack of available administrative procedures, obstruction by prison officials, or failure to properly process his appeals. Plaintiff's claim that his lack of fluency with the English language prevented him from properly describing his complaints is not supported by the record. In sum, Plaintiff may not proceed in this action on claims that Defendant Onwubuya improperly denied him a cane and wheelchair because he failed to exhaust these claims.

Seemingly acknowledging that he has failed to exhaust these claims, Plaintiff states that his claims against Defendant Onwubuya are based on her failure to provide immediate medical treatment. However, the facts alleged do not support such a claim. According to the complaint, Defendant Onwubuya did not deny Plaintiff medical treatment, but instead referred him to a doctor. Records submitted by Defendants indicate that Plaintiff was seen by a doctor on July 27, 2009 (twenty days after the incident at issue here), and his medication was adjusted. (ECF No. 132-3 at 97.) Plaintiff may have wished to see a doctor sooner; however, he is not permitted to dictate his medical treatment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996). He

also may have been dissatisfied with the treatment the doctor ultimately provided; however, such a claim does not run against Defendant Onwubuya.

## VI. CONCLUSION AND RECOMMENDATION

The Court finds that Defendant Onwubuya has met her burden of proving Plaintiff failed to exhaust administrative remedies. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Onwubuya's motion for summary judgment (ECF No. 132) be GRANTED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 12, 2016            /s/ Michael J. Seng
                                     UNITED STATES MAGISTRATE JUDGE

6